IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS WAYNE LAWRENCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-16-0733-HE |
| | ) | |
| HARLEY DAVIDSON MOTOR COMPANY, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

In this case, plaintiff asserts various state law claims against Harley Davidson Motor Company and other related entities.  Certain of the defendants have moved to dismiss on the basis of not having been properly served.  However, the bigger problem is that subject matter jurisdiction does not exist in this case.  According to the complaint, this court's jurisdiction is based on diversity of citizenship and 28 U.S.C. §1332.  The complaint further alleges that plaintiff is a resident of Oklahoma, which at least suggests he is an Oklahoma citizen.[1]  It also alleges that defendant Fort Thunder Harley-Davidson is an Oklahoma corporation with its principal place of business in Oklahoma.  For diversity jurisdiction to exist, all plaintiffs must be diverse from all defendants. Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011).[2]  As the complaint reflects on its face that diversity is lacking, this case is **DISMISSED** for lack of subject matter jurisdiction.

---

[1] "Allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity." Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972).

[2] The complete diversity requirement does not apply to suits brought under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  Although plaintiff is suing on behalf of a putative class, the

**IT IS SO ORDERED**.

Dated this 21st day of February, 2017.

JOE HEATON<br>
CHIEF U.S. DISTRICT JUDGE

---

*complaint does not suggest either the required amount in controversy or the number of class members needed to invoke jurisdiction under the Class Action Fairness Act, § 1332(d).*